UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


LONNIE V. COVINGTON

VERSUS

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY

CIVIL ACTION

NUMBER 12-491-JJB-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, February 18, 2014.

                                  STEPHEN C. RIEDLINGER
                                  UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LONNIE V. COVINGTON

VERSUS

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY

CIVIL ACTION

NUMBER 12-491-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Plaintiff Lonnie V. Covington, brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner") denying his claim for disability insurance benefits.

For the reasons which follow the Commissioner's decision should be affirmed.

**Standard of Review**

Under § 405(g), judicial review of a final decision of the Commissioner denying disability and SSI benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the proper legal standards. *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001); *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005).  If substantial evidence supports the Commissioner's findings, they are conclusive

and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 1422 (1971); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. It is more than a mere scintilla and less than a preponderance. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). In applying the substantial evidence standard the court must review the entire record as whole, but may not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Conflicts in the evidence are for the Commissioner and not the court to resolve. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

If the Commissioner fails to apply the correct legal standards, or provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal. *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1981); *Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981); *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. § 404.1505. The regulations require the ALJ to apply a five step sequential evaluation to each claim for benefits. 20 C.F.R. § 404.1520. In the five step sequence used to evaluate claims the Commissioner must determine whether: (1) the claimant is currently engaged in substantial gainful activity; (2) the claimant has a severe impairment(s); (3) the impairment(s) meets or equals the severity of a listed impairment in Appendix 1 of the regulations;[1] (4) the impairment(s) prevents the claimant from performing past relevant work; and, (5) the impairment(s) prevents the claimant from doing any other work. *Masterson*, 309 F.3d at 271.

The burden of proving disability rests on the claimant through the first four steps. At the fourth step the Commissioner analyzes whether the claimant can do any of his past relevant work. If the

---

[1] Listed impairments are descriptions of various physical and mental illnesses and abnormalities generally characterized by the body system they affect. Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results. For a claimant to show that his impairment matches a listed impairment he must demonstrate that it meets all of the medical criteria specified in the listing. An impairment that exhibits only some of the criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 529-32, 110 S.Ct. 885, 891-92 (1990); 20 C.F.R. § 404.1525.

claimant shows at step four that he or she is no longer capable of performing past relevant work, the burden shifts to the Commissioner to show that the claimant is able to engage in some type of alternative work that exists in the national economy. *Myers*, supra. If the Commissioner meets this burden the claimant must then show that he or she cannot in fact perform that work. *Boyd*, 239 F.3d at 705.

## Background and Claims of Error

Plaintiff was 49 years old at the time of the hearing decision of the administrative law judge ("ALJ"). Plaintiff attended high school and obtained his GED, and then went through a four year training program to become a welder/boilermaker. Plaintiff worked in construction as a boilermaker mechanic, welder and foreman from 1982 until the alleged onset of his disability in October 2009.[2] AR pp. 110.

The medical records document the plaintiff's history of cardiovascular disease and diabetes. Plaintiff had a heart attack in 1999 and at that time underwent a heart catherization with coronary angioplasty and placement of an intracoronary stent. Plaintiff had another heart attack in 2003 and two more intracoronary stents were placed in his coronary arteries.

---

[2] Plaintiff's age placed him in the age category of "younger person." 20 C.F.R. § 404.1563(c).

4

Plaintiff continued under the care of his cardiologist and continued medications for his coronary artery disease, high blood pressure, high cholesterol, and diabetes. In 2010 and early 2011 the plaintiff was having continued chest pains. Plaintiff was admitted to the hospital on February 23, 2011 and underwent a successful coronary artery bypass procedure on February 25, 2011, and was discharged from the hospital on March 1, 2011.

Plaintiff applied for disability benefits in November 2009 claiming his disability began on October 18, 2009 due to his severe heart problems and diabetes. Plaintiff has exhausted his administrative remedies.

After a hearing the ALJ issued an unfavorable decision. AR pp. 9-40. The ALJ found at the second step of the evaluation process that the plaintiff had a combination of severe impairments - coronary artery disease and diabetes mellitus. At the third step, he found that neither of these conditions met or medically equalled the criteria of a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1.[3] The ALJ then evaluated the plaintiff's residual functional capacity ("RFC") to determine whether, despite his severe impairments, the plaintiff was able to do his past relevant work as a welder/boilermaker, or do other work

---

[3] Plaintiff underwent a consultative mental status examination on May 6, 2010. AR pp. 311-30. Considering this evidence and citing *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985), the ALJ concluded that plaintiff did not have a severe mental impairment. AR pp. 14-15. Plaintiff did not contest this finding.

5

in the national economy. The ALJ made a finding that the plaintiff had a residual functional capacity ("RFC") to perform a full range of sedentary work as defined in the regulations.[4] With this RFC, clearly the plaintiff could not engage his past employment as a welder/boilermaker. According to the Dictionary of Occupational Titles and the plaintiff's description of his duties, the work required an exertional capacity for heavy or medium work. AR pp. 18, 39. The ALJ then proceeded to the fifth step to determine whether there was other work the plaintiff could do. Based on an RFC for the full range of sedentary work, and given the plaintiff's age, education and work experience, the ALJ relied on the Medical-Vocational Guidelines, Table Number 1, Rule 201.21. Using this rule the ALJ found at the fifth step that the plaintiff was not disabled.

In his appeal memorandum the plaintiff argued the following administrative errors require reversal and remand under sentence four of § 405(g):  (1) the ALJ improperly rejected the opinion of the claimant's treating doctor without good cause; (2) the ALJ

---

[4] Residual functional capacity is a measure of a claimant's capacity to do physical and mental work activities on a regular and sustained basis.  20 C.F.R. § 404.1545.
  "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."  20 C.F.R. § 404.1567(a).

6

failed to properly evaluate the plaintiff's credibility as required by 20 C.F.R. § 404.1529 and Social Security Ruling 96-7p; and, (3) the ALJ erred by failing to include a non-exertional restriction of "no more than occasional stair climbing" in his RFC finding, and impermissibly relied on his own medical opinion to determine the plaintiff's RFC.

### Analysis

**1. Plaintiff's claim that the ALJ improperly considered and weighed the opinions of Dr. Padgett, is not supported by the record or the relevant legal standards.**

Plaintiff argued that the ALJ committed reversible error by not giving controlling weight to the opinion of the plaintiff's primary care physician, Dr. Phillip G. Padgett, and failing to consider the factors in 20 C.F.R. 404.1527 as required by *Newton v. Apfel.*

Although the opinion and diagnosis of a treating physician should generally be given considerable weight in determining disability, it is well established that a treating physician's opinions are not conclusive and may be assigned little or no weight when good cause is shown.  The ALJ may discount the weight of a treating doctor's medical opinion when it is conclusory, unsupported by medically acceptable clinical, laboratory or diagnostic techniques, or is otherwise unsupported by the evidence. *Newton v. Apfel*, 209 F.3d 448, 455-56 (5th Cir. 2000).  An ALJ is

free to reject the medical opinion of any physician when the evidence supports a contrary conclusion. *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1981).

The regulations also state that when the ALJ finds the medical opinion is not entitled to controlling weight, certain factors should be considered in deciding how much weight to give the opinion. These factors include the length of treatment, the consistency of the opinion with the record as a whole, and the treating physician's specialization. 20 C.F.R. § 404.1527(c) and (d); SSR 96-2p;[5] *Newton*, 209 F.3d at 456. Nevertheless, the ALJ need not consider each of the factors where there is competing first-hand medical evidence and the ALJ finds that one doctor's opinion is more well-founded than another. *Id.*; *Walker v. Barnhart*, 158 Fed.Appx. 534 (5th Cir. 2005).

A medical sources's opinions on some issues are not medical opinions, but are instead "opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e. that would direct the determination or decision of disability." 20 C.F.R. § 404.1527(d). Thus, a treating source's statement or opinion that the claimant is "disabled" or "unable to work," is not a medical opinion, but a legal conclusion on an issue reserved to the Commissioner. The

---

[5] TITLES II AND XVI: GIVING CONTROLLING WEIGHT TO TREATING SOURCE MEDICAL OPINIONS, 1996 WL 374188.

8

factors set out in the regulations apply only to medical opinions, not opinions reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(1)-(3); *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003).

In this case, the ALJ specifically addressed Dr. Padgett's November 29, 2010 medical source statement in his written decision, gave it limited weight and listed his specific reasons for doing so. As noted by the ALJ, Dr. Padgett's November 29, 2010 evaluation was conclusory. This is apparent from a review of his report. AR pp. 400-03. Dr. Padgett failed to explain or discuss any evidence he relied on in making his findings. Moreover, Dr. Padgett essentially stated in his evaluation that the plaintiff could not do anything during an 8 hour day - no sitting, standing, walking, lifting, grasping, pushing, pulling, manipulating, operating foot controls, climbing, balancing or reaching above shoulder level. AR pp. 400-01. These conclusions are not supported by competing first-hand medical and other evidence contained in the record.

For example, in March 2010 the plaintiff was examined by Dr. Jonathan Sanders. AR pp. 295-300. Plaintiff reported to Dr. Sanders that on a good day he was able to lift 10 pounds, sit 3 hours, stand 45 minutes and walk a mile. Plaintiff's diabetes was controlled on medication. Dr. Sanders did not report any negative findings on his physical examination, and he specifically noted

9

that the plaintiff could push, pull, reach crouch, squat/stoop, and independently climb on and off the exam table and dress/undress himself. Plaintiff's extremities, gait/station, grip strength, and range of motion were all normal. In September 2010 the plaintiff treating cardiologist Dr. Jeffrey Hyde evaluated the plaintiff's ability to return to his occupation as a welder.[6] Due to severe coronary artery disease, Dr. Hyde stated that the plaintiff could probably never return to this work. However, in his evaluation, Dr. Hyde made specific findings that the plaintiff: (1) had a slight limitation on physical activity and was comfortable with mild exertion; and, (2) his ordinary physical activity should only be moderately restricted. AR p. 420. This evidence as well as the plaintiff's statements about his daily activities provide substantial evidence to support the ALJ's finding regarding the weight given to Dr. Padgett's opinions.[7]

The above analysis demonstrates that the ALJ had good cause not to give controlling weight to Dr. Padgett's evaluation, and his decision to give it limited weight was supported by adequate reasons and substantial evidence.

---

[6] AR pp. 418-20. This evaluation was completed for the insurance company for the Boilermakers National Health and Welfare Fund.

[7] See, for example, AR pp. 31-32, 35, 121-25.

10

**2. The ALJ did not fail to properly evaluate the plaintiff's credibility as required by 20 C.F.R. § 404.1529 and Social Security Ruling 96-7p.**

Plaintiff argued that the ALJ failed to properly evaluate his credibility, but failed to point out any specific aspect of the ALJ's decision or the record that supports this argument. Plaintiff argued generally that the record contains no evidence to suggest malingering or exaggeration, and the record contains objective evidence of a condition which could reasonably be expected to cause the restrictions described. These arguments do not establish legal error by the ALJ or a lack of substantial evidence to support the ALJ's credibility finding.

In his decision the ALJ specifically addressed the issue of the plaintiff's credibility and cited the proper legal standards – 20 C.F.R. § 404.1529 and Social Security Ruling 96-7p – in his analysis. AR p. 18. The ALJ also cited specific reasons for his finding, essentially explaining that the plaintiff was not entirely credible based on his level of daily activities and all the objective medical evidence of record. It is the role of the ALJ to determine credibility and this finding must be upheld if supported by substantial evidence.[8] The evidence cited above in connection

---

[8] While an ALJ must consider a claimant's subjective complaints, he is permitted to examine them in light of all the relevant evidence – the objective medical evidence, the claimant's daily activities, reports from treating or examining doctors – in evaluating the claimant's credibility. From this analysis the ALJ may find that the claimant is not credible or exaggerating his
(continued...)

11

with the first claim of error demonstrates that substantial evidence supports the ALJ's finding that the plaintiff's subjective complaints of disabling limitations were not wholly credible.

The ALJ's written decision and substantial evidence contained in the record as a whole demonstrate that this claim of error is unsupported.

**3. The ALJ did not err by failing to include a non-exertional restriction of no more than occasional stair climbing in his RFC finding, and his RFC finding was supported by substantial evidence.**

Plaintiff presented a somewhat confusing argument in support of this claim of error.  Plaintiff appeared to argue that because the ALJ found that he had an RFC for a full range of sedentary work, the ALJ could not rely on the assessment of the state agency medical consultant Dr. Timothy Honigman.  According to the plaintiff, this is because Dr. Honigman found an RFC for light work and included a nonexertional limitation  - no more than occasional stair climbing.  Plaintiff then argued that without Dr. Honigman's evaluation no evidentiary sources exist to support the ALJ's finding, and the ALJ impermissibly relied on this own medical

---

[8](...continued)
complaints and limitations.  Subjective evidence need not be credited over conflicting medical evidence.  The ALJ's finding must be upheld if it is supported by substantial evidence. *Johnson v. Heckler*, 767 F.2d 180, 182 (5th Cir. 1985); *Anthony v.* Sullivan, 954 F.2d 289, 295 (5th Cir. 1992); Dunbar *v. Barnhart*, 330 F.3d 670 (5th Cir. 2003).

12

opinion to determine the RFC.[9]

Neither the record nor the case law cited by the plaintiff support these arguments. The administrative record clearly contains sufficient medical and other evidence to support the ALJ's finding that the plaintiff could do a full range of sedentary work. As noted above, the plaintiff's treating cardiologist Dr. Hyde stated that the plaintiff had a slight limitation on physical activity/was comfortable with mild exertion, and that his ordinary physical activity should only be moderately restricted. Dr. Sanders examined the plaintiff in March 2010 and did not report any restrictions on the plaintiff's ability to sit, stand, walk, lift, carry, push or pull. Finally, after review of the records, Dr. Honigman found that the plaintiff had an RFC for light work. Clearly, if the plaintiff was capable of light work, this also supports a finding that the plaintiff could do sedentary work.[10]

All of this evidence is substantial evidence to support the ALJ's determination that the plaintiff had an RFC for a full range of sedentary work. The fact that the ALJ did not specifically include in his finding one postural limitation found by Dr. Honigman - limited to occasionally climbing stairs - does not

---

[9] Plaintiff cited *Williams v. Astrue,* 355 Fed.Appx. 828 (5th Cir. 2009). and *Ripley v. Chater,* 67 F.3d 552 (5th Cir. 1995). Record document number 10, Plaintiff's Memorandum in Support of Appeal.

[10] 20 C.F.R. § 404.1567(b); *Bayer v. Colvin*, 2014 WL 541294 (5th Cir. Feb. 12, 2014)

13

negate the substantial evidence supporting the RFC finding.[11] It is the ALJ's role to weigh all the evidence and resolve conflicts in the evidence. In this role the ALJ is free to partially credit evidence. Thus, it was not error to rely on Dr. Honigman's RFC assessment without also specifically adopting the part limiting the plaintiff to occasional stair climbing.

Based on his determination of the plaintiff's RFC for sedentary work, along with the plaintiff's age, education and work experience, the ALJ properly relied on Medical-Vocational Rule 201.21. At the fifth step, the application of Rule 201.21 constitutes substantial evidence to support the ALJ's finding that the plaintiff is not disabled.[12]

### Conclusion

Plaintiff's arguments and the administrative record have been carefully considered. Review of the administrative record as a whole and the analysis above demonstrates that the claims of error

---

[11] Dr. Honigman found the following postural limitations - the plaintiff was limited to occasional climbing (ramp/stairs/ladder/rope/scaffolds), balancing, stooping, kneeling, crouching and crawling. AR p. 305.

[12] When the claimant suffers only from exertional impairments, or his nonexertional impairments do not significantly affect his residual functional capacity, the ALJ may rely exclusively on the Medical-Vocational Guidelines in determining whether there is other work available in the national economy that the claimant can perform. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990); *Loza v. Apfel*, 219 F.3d 378, 398 (5th Cir. 2000).

raised by the plaintiff are without merit, and substantial evidence supports the final decision of the Commissioner that the plaintiff is not disabled.

## RECOMMENDATION

It is the recommendation of the magistrate judge that, under sentence four of 42 U.S.C. § 405(g), the final decision of Carolyn W. Colvin, Acting Commissioner of Social Security, denying the application of plaintiff Lonnie V. Covington for disability insurance benefits be affirmed and that this action be dismissed.

Baton Rouge, Louisiana, February 18, 2014.

*signature*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE